HELENE N. WHITE, Circuit Judge
(concurring in part and dissenting in part).
I agree that Plaintiffs waived any argument that the Union is unable to waive the ERISA rights of its members. I respectfully dissent, however, from the majority’s conclusion that the Release clearly and unambiguously releases the claims of the individual Plaintiffs as well as the Union. The prefatory language that the Agreement “is between Arkema, Inc., ... the United Steelworkers, and its affiliated Local 2-591 (hereinafter referred to as the Union), on behalf of the employees of the Company hereinafter specified” simply states that the Union is representing the interests of the employees.
The language of the Release states:
In consideration of items set forth in Section 4 above, the Union discharges and releases the Company of and from all claims, causes of actions, unfair labor practice charges, grievances, arbitra-tions, dues, sums of money, attorneys’ fees and costs, accounts, contracts, torts, agreements, promises, damages, judgments, rights, demands, or otherwise (“Claims”), known or unknown, in law or equity, accrued or unaccrued, contingent or non-contingent, whenever arising from the beginning of time up until the date of this Agreement, whether common law or statutory, that the Union in any way might have, or could have, against the Company, including by way of example, all claims in any way arising from, or relating to: the sale of the Riverview Plant; alleged violations of the collective bargaining agreement ... violations of the National Labor Relations Act, ... violations of the Labor Management Relations Act, ... violations of the Employee Retirement In *195 come Security Act, ... or regulations promulgated pursuant thereto, (except this ERISA waiver does not apply to prospective claims, only to claims that could have been brought up to the date of the Agreement); violations of the Worker Adjustment and Retraining Notification Act, ...
[Emphasis added.] The Release language states that the Union is discharging and releasing the Company from any claims the Union might have. It does not purport to release employees’ individual claims.
Further, paragraph 9 acknowledges that the Release resolves “all issues between the Union and the Company.”
Nor do I view paragraph 6 as providing unambiguously that all individual claims not excluded are released. Paragraph 6 makes clear that in waiving all claims based on the labor contracts between the parties, and in settling, pursuant to the Release, the grievances detailed in the Appendices, which include grievances based on Arkema’s interpretation of the Severance Agreement, the parties did not intend to affect the vested pension rights of any of the employees, and nothing in the Release is intended to bar the pursuit of such a claim. Paragraph 6 is intended to eliminate any doubt regarding the release of certain individual claims; it does not affirmatively waive other claims.
It may well be that certain individual claims so overlap Union claims that they can only be seen as having been released. These ERISA claims are not of that nature, and the Release Agreement is at best ambiguous regarding the release of these claims.
I would reverse and remand for further proceedings.